UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Cassandra Thomas,

    Plaintiff

v.

James G. Cox, et al.,

    Defendants

2:16-cv-00080-JAD-CWH

**Order Screening Complaint and Denying Motion for Appointment of Counsel**

[ECF Nos. 2, 6]

    Nevada state prisoner Cassandra Thomas sues prison officials and medical staff under 42 USC § 1983 for failing to provide her with adequate medical treatment.[1] Thomas also asks the court to appoint her counsel.[2] Having screened Thomas's complaint under the Prison Litigation Reform Act (PLRA),[3] I dismiss her claims without prejudice and give Thomas until May 28, 2016, to file an amended complaint curing the deficiencies outlined in this order, and I deny Thomas's motion for appointment of counsel.

**Background**

    Thomas sues multiple defendants for events that took place while she was incarcerated at Nevada's Florence McClure Women's Correctional Center ("FMWCC").[4] Thomas sues the NDOC Director James G. Cox, Warden Jo Gentry, Dr. James Holmes, Nurse Beebe Clark, Nurse John B. Faulkner, Dr. Dulce Kaybotay, and Medical Director Romeo Aranas.[5] Thomas alleges three counts

---

[1] ECF No. 6.

[2] ECF No. 2.

[3] 28 U.S.C. § 1915A.

[4] ECF No. 6 at 1.

[5] *Id.* at 2–4.

1   and seeks declaratory and injunctive relief and damages.[6]

2   Thomas alleges that she is a chronic Hepatitis C patient.[7] She has been diligently seeking
3   treatments for the disease since she learned about the Hepatitis C cure,[8] but defendants have
4   consistently denied her the cure due to "cost saving measures."[9] Since March 2014, Thomas has
5   suffered from headaches, fatigue, abdominal and joint pain, mental and emotional turmoil,
6   depression with anxiety, and stress.[10]

7   In response to a medical grievance, defendant Nurse Clark told Thomas that "very limited
8   cases of hep C have success with treatment and few have been treated by the NDOC; specific
9   qualifications and rules would apply."[11] Faulkner has told Thomas that her condition is "being
10  managed in accordance with NDOC protocols."[12] Thomas asserts that defendants have committed
11  due-process violations, medical malpractice, deliberate indifference, conspiracy to violate rights, and
12  negligent infliction of emotional distress.[13] I construe Thomas's allegations as a claim for deliberate
13  indifference to serious medical needs and screen this claim under the PLRA.

---

[6] *Id.* at 8, 12.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 5.

[11] *Id.* at 11.

[12] *Id.*

[13] *Id.* at 6–8.

## Discussion

### A.     Screening standards

The PLRA directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[14] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from monetary relief.[15] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[16] Pro se pleadings must be liberally construed.[17]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is permitted by FRCP 12(b)(6), and the court applies the same standard under 28 USC § 1915 when reviewing the adequacy of a complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[18]

### B.     Deliberate indifference to serious medical needs

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[19] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to

---

[14] *See* 28 U.S.C. § 1915(a).

[15] *See* 28 U.S.C. § 1915A(b)(1)(2).

[16] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[17] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[18] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[19] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[20]

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."[21]  To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."[22]  "[A] complaint that a physician has been negligent [or even grossly negligent] in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."[23]

### C.   Thomas fails to state a claim for deliberate indifference to her serious medical needs.

The crux of Thomas's allegations is that she disagrees with the prison medical staff's course of treatment for her Hepatitis C.  Based on the alleged grievance responses, the prison medical staff appear to state that the Hepatitis C cure does not work on everyone and that patients need to meet specific qualifications to qualify for that treatment.  Thomas's disagreement with the prison medical staff's course of treatment does not give rise to a constitutional claim because she pleads no facts to show that denying her the cure is medically unacceptable under the circumstances or that prison medical staff chose to deny her this cure in conscious disregard of an excessive risk to her health.  I therefore dismiss Thomas's claim with leave to amend.

Thomas is instructed that, if she chooses to file an amended complaint, she should follow the directions in the form complaint and "[s]tate the facts clearly, [and] in [her] own words . . . describe exactly what each specific defendant (by name) did to violate [her] rights."  Thomas is also instructed that her amended complaint should provide more details about her communications with prison medical staff about receiving the Hepatitis C cure, including their explanation for denying it.

---

[20] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[21] *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

[22] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

[23] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Thomas should also describe the treatment she is currently receiving for her Hepatitis C.

Thomas is advised that an amended complaint supersedes the original complaint and thus the amended complaint must be complete in itself without reference to the original complaint. Thomas is cautioned that her amended complaint must contain all claims, defendants, and factual allegations that she wishes to pursue in this action. Thomas must file her amended complaint on this court's approved prisoner civil-rights form and it must be entitled "First Amended Complaint." If Thomas chooses to file an amended complaint, she must do so by **May 28, 2016.** If Thomas does not file an amended complaint by this deadline, this case will be dismissed without prejudice and without further notice, and it will be closed.

**D.  Motion for appointment of counsel**

Thomas also moves for court-appointed counsel.[24] There is no constitutional right to appointed counsel in § 1983 actions.[25] A court may, in its discretion "request an attorney to represent any person unable to afford counsel."[26] But a court should appoint counsel for indigent civil litigants only in "exceptional circumstances."[27] No exceptional circumstances exist in this case to warrant appointment of counsel, so Thomas's motion for appointment of counsel is denied.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Thomas's motion for appointment of counsel [ECF No. 2] is DENIED.**

IT IS FURTHER ORDERED that **Thomas's complaint is DISMISSED in its entirety with leave to amend. If Thomas chooses to file an amended complaint curing the deficiencies outlined in this order, she must do so by May 28, 2016.** If Thomas fails to file an amended complaint curing the deficiencies outlined in this order by this deadline, this action will be dismissed with prejudice and without further notice, and this case will be closed.

---

[24] ECF No. 2.

[25] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[26] 28 U.S.C. § 1915(e)(1).

[27] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

      The Clerk of Court is instructed to send Thomas an approved form for filing a § 1983 complaint, instructions for the same, and a copy of her original complaint [ECF No. 6].

      Dated this 28th day of April, 2016.

                                                _____
                                                Jennifer A. Dorsey
                                                United States District Judge