# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CASSANDRA THOMAS,

    Plaintiff,

    v.

JAMES G. COX et al.,

    Defendants.

Case No. 2:16-cv-00080-JAD-CWH

**ORDER**

## I.  DISCUSSION

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 1 at 1). In January 2016, Plaintiff, then *pro se*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has paid the full filing fee in this matter. (*See* ECF No. 4). In April 2016, the Court screened Plaintiff's complaint, dismissed her complaint in its entirety, and granted her leave to amend. (ECF No. 9). On May 23, 2016, Plaintiff filed an amended complaint. (ECF No. 11). The Court has not screened the amended complaint.

On September 16, 2016, Travis N. Barrick, Esq. filed an application for limited appearance for purposes of obtaining a private medical examination for Plaintiff. (ECF No. 21). The Court granted this motion and noted that Mr. Barrick had no other obligations in this case and would not be listed as attorney of record unless further ordered. (ECF No. 23). On November 28, 2016, Mr. Barrick submitted a notice of appearance on behalf of Plaintiff. (ECF No. 26).

The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss

the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

Section 1915A does not expressly differentiate between represented and unrepresented prisoner cases with regard to screening, and there is no authority addressing this issue. This Court typically does not screen § 1983 prisoner cases where the Plaintiff is represented by counsel. For one thing, the pleading obligations of an attorney under Fed. R. Civ. P. 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise patently noncognizable on their face. Pro se litigants are not attorneys and should not be expected to know how to draft pleadings as if they were. Judicial screening of prisoner complaints serves to prevent prisoner complaints which are truly difficult, if not impossible to understand, from being served upon defendants. Screening of represented cases to decipher the allegations and claims is usually unnecessary. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage"). As such, the Court will not screen Plaintiff's amended complaint now that she is represented by counsel.[1] This case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court will not issue a screening order on the amended complaint in this case.

IT IS FURTHER ORDERED that this case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

---

[1] The Court denies Plaintiff's *pro se* motion to add supplemental complaint (ECF No. 10) without prejudice. If Plaintiff seeks to file an amended complaint, she may file a motion through her attorney. Additionally, the Court denies Plaintiff's motion to extend time to file her previously filed amended complaint (ECF No. 13) as moot.

1  IT IS FURTHER ORDERED that the motion to add supplemental complaint (ECF No. 10) is denied without prejudice.

3  IT IS FURTHER ORDERED that the motion to extend time (ECF No. 13) is denied as moot.

DATED: This 30th day of November, 2016.

_____
United States Magistrate Judge