ADAM PAUL LAXALT
  Attorney General
TIFFANY E. BREINIG (Bar No. 9984)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3125 (phone)
(702) 486-3773 (fax)
Email: tbreinig@ag.nv.gov

*Attorneys for Jo Gentry, Romeo Aranas,*
*Beebe Clark, Dulce Kabatay,*
*John Faulkner, James Cox,*
*Christopher Nehls, and Nevada*
*Department of Corrections*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CASSANDRA THOMAS, | CASE NO. 2:16-cv-00080-JAD-CWH |
| Plaintiff, | |
| vs. | **ANSWER TO PLAINTIFF'S SECOND AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983 (ECF NO. 39)** |
| JAMES COX, et al., | |
| Defendants. | |

Defendants Jo Gentry, Romeo Aranas, Beebe Clark, Dulce Kabatay, John Faulkner, James Cox, Christopher Nehls, and Nevada Department of Corrections, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, and Tiffany E. Breinig, Deputy Attorney General, hereby Answer Plaintiff's Second Amended Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (ECF No. 39) as follows:

**JURISDICTION AND VENUE**

1. Defendants admit that Cassandra Thomas is the Plaintiff in this civil rights action and is currently incarcerated at Florence McClure Women's Correctional Center located in Clark County, Nevada.

2. Defendants deny that James G. Cox was an individual domiciled in the State of Nevada.

3. Defendants admit that Jo Gentry is an individual domiciled in the State of Nevada.

4. Defendants admit that James Holmes was an individual domiciled in the State of Nevada. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the remaining allegations made in this paragraph, and therefore deny all remaining allegations made in this paragraph.

5. Defendants admit that Beebe Clark is an individual domiciled in the State of Nevada.

6. Defendants admit that Romeo Aranas is an individual domiciled in the State of Nevada.

7. Defendants admit that Dulce Kabatay is an individual domiciled in the State of Nevada.

8. Defendants admit that John Faulkner is an individual domiciled in the State of Nevada.

9. Defendants admit that Brian Sandoval is an individual domiciled in the State of Nevada.

10. Defendants admit that Barbara Cegavske is an individual domiciled in the State of Nevada.

11. Defendants admit that Adam Laxalt is an individual domiciled in the State of Nevada.

12. Defendants admit that James Dzurenda is an individual domiciled in the State of Nevada.

13. Defendants admit that Christopher Nehls is an individual domiciled in the State of Nevada.

14. Defendants deny any and all allegations made in this paragraph.

///

15. Defendants admit that jurisdiction in this Court is proper under 28 U.S.C. § 1343(a)(3), 28 U.S.C. §1331, and 42 U.S.C. § 1983.

16. Defendants admit paragraph 16.

## GENERAL FACTUAL ALLEGATIONS

17. Defendants reaffirm all the proceeding Answers in paragraphs 1 through 16, and incorporate them herein as fully stated herein.

18. Defendants admit paragraph 18.

19. Defendants admit paragraph 19.

20. Defendants admit paragraph 20.

21. Defendants admit paragraph 21.

22. Defendants admit paragraph 22.

23. Defendants admit paragraph 23.

24. Defendants admit paragraph 24.

25. Defendants admit paragraph 25.

26. Defendants admit paragraph 26.

27. Defendants admit paragraph 27.

28. Defendants admit paragraph 28.

29. Defendants admit paragraph 29.

30. Defendants admit paragraph 30.

31. Defendants are unable to admit or deny any allegations regarding Defendant DOES until and when their identities are known.

## SPECIFIC FACTUAL ALLEGATIONS

32. Defendants admit that Plaintiff has been diagnosed with hepatitis C (Hep-C). Defendants are without knowledge and lack sufficient information to form a belief about the truth of the remaining allegations made in this paragraph, and therefore deny all remaining allegations made in this paragraph.

///

///

33. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

34. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

35. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

36. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

37. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

38. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

39. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

40. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

41. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

42. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

43. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

44. Defendants admit that Plaintiff was incarcerated on or around June 2008. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the remaining allegations made in this paragraph, and therefore deny all remaining allegations made in this paragraph.

45. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

46. Defendants deny any and all allegations made in this paragraph.

47. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

48. Defendants admit that Plaintiff was seen by medical in February 2014. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the remaining allegations made in this paragraph, and therefore deny all remaining allegations made in this paragraph.

49. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

50. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

51. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

52. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

53. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

54. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

55. Defendants deny any and all allegations made in this paragraph.

56. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

57. Defendants admit that Plaintiff discussed her Hepatitis C condition with medical staff and submitted inmate request forms and grievances concerning her Hepatitis C condition. Defendants deny all remaining allegations made in this paragraph.

58. Defendants admit that Plaintiff wrote a letter to Congressman Joseph Heck. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the remaining allegations made in this paragraph, and therefore deny all remaining allegations made in this paragraph.

59. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

60. Defendants deny any and all allegations made in this paragraph.

61. Defendants admit paragraph 61.

62. Defendants admit that Defendant Cox had Defendant Gentry look into Plaintiff's concerns for the purposes of responding to Congressman Joseph Heck. Defendants deny all remaining allegations made in this paragraph.

63. Defendants admit paragraph 63.

64. Defendants admit that Defendant Cox informed Congressman Joseph Heck that chronic Hepatitis C may never progress to cirrhosis or cancer and that approximately 10-15% of cases spontaneously clear from the patient. Defendants deny all remaining allegations made in this paragraph.

65. Defendants admit paragraph 65.

66. Defendants admit paragraph 66.

67. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

68. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

69. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

70. Defendants admit that Defendant Cox informed Congressman Joseph Heck that NDOC would put forward Plaintiff for evaluation for treatment, but the evaluation does not guarantee that Plaintiff will be an acceptable candidate for the available treatments. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the remaining allegations made in this paragraph, and therefore deny all remaining allegations made in this paragraph.

71. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

72. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

73. Defendants admit paragraph 73.

74. Defendants admit paragraph 74.

75. Defendants admit paragraph 75.

76. Defendants admit paragraph 76.

77. Defendants admit that Dr. Anthony Marshall opined that denial of treatment for Hepatitis C would not happen in the local community and doing so in the NDOC is substandard medical care. Defendants deny all remaining allegations made in this paragraph.

78. Defendants admit that Dr. Anthony Marshall stated that Plaintiff "reports the NDOC has told her that they do not treat Hepatitis C unless she has cirrhosis (the end state of liver disease), which is ludicrous." Defendants further admit that Dr. Anthony Marshall stated "[t]oday, the entire purpose of treating hepatitis C, which is totally curable in a substantial number of patients, is to prevent the progression of liver fibrosis, that could end in cirrhosis and liver failure or liver cancer when not treated."

79. Defendants admit paragraph 79.

80. Defendants deny any and all allegations made in this paragraph.

81. Defendants admit paragraph 81.

82. Defendants admit paragraph 82.

83. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

84. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

85. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

86. Defendants deny any and all allegations made in this paragraph.

87. Defendants deny any and all allegations made in this paragraph.

88. Defendants deny any and all allegations made in this paragraph.

## CAUSES OF ACTION

### COUNT I

89. Defendants reaffirm all the proceeding Answers in paragraphs 1 through 88, and incorporate them herein as though fully stated herein.

90. Defendants deny any and all allegations made in this paragraph.

91. Defendants deny any and all allegations made in this paragraph.

### COUNT II

92. Defendants reaffirm all the proceeding Answers in paragraphs 1 through 91, and incorporate them herein as though fully stated herein.

93. Defendants deny any and all allegations made in this paragraph.

94. Defendants deny any and all allegations made in this paragraph.

### COUNT III

95. Defendants reaffirm all the proceeding Answers in paragraphs 1 through 94, and incorporate them herein as though fully stated herein.

96. Defendants deny any and all allegations made in this paragraph.

97. Defendants deny any and all allegations made in this paragraph.

98. Defendants admit that there are drugs used to treat Hepatitis C.  Defendants deny any and all remaining allegations made in this paragraph.

99. Defendants admit that there are drugs used to treat and cure Hepatitis C. Defendants deny any and all remaining allegations made in this paragraph.

///

///

## COUNT IV

100. Defendants reaffirm all the proceeding Answers in paragraphs 1 through 99, and incorporate them herein as though fully stated herein.

101. Defendants deny any and all allegations made in this paragraph.

102. Defendants deny any and all allegations made in this paragraph.

103. Defendants deny any and all allegations made in this paragraph.

## REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief set forth in paragraphs 1 through 10.

## DEFEDENDANTS' AFFIRMATIVE DEFENSES

Defendants deny any and all liability in this matter and assert the following Affirmative Defenses:

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Plaintiff has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a) (3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220 and NRS 209.885.

3. At all times mentioned in Plaintiff's Complaint, Defendants did not personally participate in any of the alleged violations and/or were neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

4. Defendants are not legally responsible for the actions and/or omissions of other third parties.

5. Defendants are entitled to qualified immunity.

6. Defendants are entitled to discretionary act immunity.

7. Plaintiff's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

8. Plaintiff's claims are barred as Plaintiff has failed, refused, or neglected to take reasonable steps to mitigate her damages, therefore barring or diminishing her ability to recover.

9. Plaintiff has failed to exhaust her administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243.

10. Defendants held an objective good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

11. There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

12. Defendants, at all relevant times, acted with due care and circumspection in the performance of their duties.

13. Plaintiff's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

14. Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

15. Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 et. seq.

16. Defendants, at all relevant times, acted in good faith toward Plaintiff and possessed a good faith belief that Defendants were acting reasonably and that Defendants' actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

17. Plaintiff is barred from seeking punitive damages pursuant to Nevada Revised Statute §§ 41.035 et. seq.

18. Plaintiff is barred from seeking an award of attorney fees pursuant to 42 U.S.C. § 1988 and § 1998.

19. Each purported claim for relief is barred by the doctrines of res judicata and/or collateral estoppel.

20. Each purported claim for relief is barred as Plaintiff is estopped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

21. Plaintiff's claims for relief are barred by the Statute of Limitations and/or Statute of Frauds.

22. Defendants dispute the authenticity and admissibility of each and every exhibit referenced in the Complaint.

23. Each purported claim for relief is barred as these answering Defendants are not legally responsible for the actions and/or omissions of other named defendants.

24. All possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not be available after reasonable inquiry and, pursuant to Fed. R. Civ. P. 11, Defendants hereby reserve the right to amend these affirmative defenses as additional information becomes available.

25. Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

26. Plaintiff's claims, or parts thereof, are barred due to the fact there is no causation between the alleged facts and the damages sought in the Complaint.

27. Plaintiff is barred from receiving costs arising under 42 USC §1988 and §1997e.

28. Plaintiff is not entitled to prejudgment interest from the date of Plaintiff's filing of her Complaint.

29. Plaintiff has failed to provide for any cognizable damages.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment and relief of this Court as follows:

1. That Plaintiff take nothing by way of her Second Amended Civil Rights Complaint on file herein and that the same be dismissed with prejudice;

2. For reasonable attorney's fees and costs of suit; and

3. For such other relief as this Court may deem just and proper.

DATED this 7th day of April, 2017.

ADAM PAUL LAXALT
Attorney General

By: /s/ Tiffany E. Breinig
    TIFFANY E. BREINIG (Bar No. 9984)
    Deputy Attorney General
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on April 7, 2017, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S SECOND AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983 (ECF NO. 39)** via this Court's electronic filing system.  Parties who are registered with this Court's electronic filing system will be served electronically.  For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, addressed to the following:

Travis N. Barrick
Gallian Welker & Beckstrom, LC
540 E. St. Louis Avenue
Las Vegas, Nevada  89104
*Attorneys for Plaintiff*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General