|   |   |
|---|---|
| Cassandra Thomas,<br><br>    Plaintiff<br><br>v.<br><br>James G. Cox, et al.,<br><br>    Defendants | 2:16-cv-00080-JAD-CWH<br><br>**Order Denying Defendants' Motion to Dismiss**<br><br>[ECF No. 52] |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

    Plaintiff Cassandra Thomas sues various defendants employed by the Nevada Department of Corrections (NDOC), Florence McClure Women's Correctional Center (FMWCC), the Nevada Board of Prison Commissioners, and others, alleging that their Hepatitis C (Hep-C) treatment policy violates the Eighth Amendment. Prison Commissioners Brian Sandoval, Barbara Cegavske, and Adam Laxalt, Director of NDOC James Dzuranda, and the Board (the policy defendants) move to dismiss Count III of Thomas's second-amended complaint for lack of personal participation and failure to state a claim against them. Because it appears that Thomas sues the policy defendants only in their official capacities for injunctive relief, and the motion to dismiss seems to assume that these defendants are sued instead in their personal capacities, I deny the motion without prejudice.

**Background**[1]

    Thomas alleges that the NDOC is denying her Hep-C treatment based on a policy that only allows treatment if she develops cirrhosis, a irreparable liver condition that can be fatal.[2] She alleges that this policy was promulgated or maintained by the policy defendants and others, who are members of the NDOC Utilization Review Panel and NDOC Hepatitis C Panel, and constitutes deliberate indifference to her serious medical needs in violation of the Eighth

---

[1] These facts are taken from Thomas's second-amended complaint (ECF No. 39) and are not intended as findings of fact. Many additional facts and causes of action unrelated to the policy defendants' motion for partial dismissal are not mentioned here.

[2] ECF No. 39 at 7.

Amendment. The policy defendants move to dismiss the claim against them.

## Discussion

**A.     Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[3] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[4] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[5] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[6]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, I must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[7] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[8] Second, I must consider whether the well-pled factual allegations state a plausible claim for relief.[9] A claim is facially plausible when the complaint alleges facts that allow the court to draw

---

[3] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[4] *Twombly*, 550 U.S. at 570.

[5] *Iqbal*, 556 U.S. at 678.

[6] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *Id*.

[9] *Id.* at 679.

a reasonable inference that the defendant is liable for the alleged misconduct.[10] A complaint that does not permit me to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[11]

**B.** **The policy defendants' arguments only apply to individual-capacity defendants**

The policy defendants argue that Thomas's claims against them are barred because she fails to allege their personal participation in the alleged constitutional violations. They contend that Thomas fails to state a deliberate-indifference claim because she does not allege that the policy defendants knew of her medical needs. They also raise a qualified-immunity defense.[12]

Thomas responds that she has done enough to allege supervisory liability against the policy defendants, which may not require personal involvement in the constitutional violation.[13] She also argues that the defendants' actions violate clearly established law and they are therefore not entitled to qualified immunity.[14]

It appears that both sides are confusing personal-capacity liability for damages with official-capacity liability for equitable relief. Official-capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent"[15] and "therefore should be

---

[10] *Id.*

[11] *Twombly*, 550 U.S. at 570.

[12] ECF No. 52.

[13] ECF No. 53 at 2. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ( "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (citing *Hanson v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)); *Hanson*, 885 F.2d at 646 ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.").

[14] ECF No. 53 at 7–10.

[15] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

treated as suits against the State."¹⁶ "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."¹⁷ "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."¹⁸ Further, qualified immunity "is only a defense available to government officials sued in their individual capacities. It is *not* available to those sued only in their official capacities."¹⁹

The second amended complaint names the policy defendants only in their official capacities.²⁰ For relief, Thomas asks the court to declare the Hep-C policy unconstitutional and for an injunction ordering the defendants to change the policy, and seeks compensatory damages. And she makes it clear in her "general factual allegations" section of her complaint that each of these policy defendants "was acting under color of law in" his or her "official capacity," taking care to differentiate these defendants from others whom she alleges were acting in their "individual capacity."²¹ Because Thomas's requests for monetary damages cannot be brought against the policy defendants in their official capacities,²² I assume that the only relief Thomas seeks from these defendants is declaratory and injunctive relief. Because the policy defendants

---

¹⁶ *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

¹⁷ *Hartman v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1117 (9th Cir. 2013); *see also Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (holding that prison director was proper defendant in the plaintiff's claim for injunctive relief despite lack of personal participation in denial of medical treatment).

¹⁸ *Id.*

¹⁹ *Comm. House, Inc. v. City of Boise*, 623 F.3d 945, 965 (9th Cir. 2010) (citing *Eng v. Cooley*, 552 F.3d 1062, 1064 n.1 (9th Cir. 2009) and *Graham*, 473 U.S. at 165–68).

²⁰ ECF No. 39 at 4.

²¹ *Compare* ECF No. 39 at ¶¶ 26–29 *with id.* at ¶¶ 20–25.

²² *See Hafer*, 502 U.S. at 27 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)).

4

are sued solely in their official capacities for injunctive relief as those with the power to change the allegedly unconstitutional Hep-C policy, their arguments about personal participation and qualified immunity simply have no application.[23]

Neither do the policy defendants' arguments for failure to state a claim for deliberate indifference. They argue that they did not know of Thomas's medical needs, and that they themselves did not disregard any significant risk to her health and safety.[24] But what matters in an official-capacity claim is whether the state entities that the policy defendants represent—the Nevada Board of Prison Commissioners and the NDOC—exhibited deliberate indifference to serious medical needs by promulgating and maintaining a policy that requires the blanket denial of treatment to inmates with Hep-C unless they show serious and potentially fatal conditions. The policy defendants do not demonstrate why Thomas fails to state this policy-based claim.

Further, the policy defendants' argument that Thomas's claims against them amount only to alleging a "difference in medical opinion" between Thomas and her doctors is unpersuasive. While it is true that mere difference of medical opinion does not demonstrate deliberate indifference,[25] a prisoner may instead show that the course of treatment chosen was medically unacceptable under the circumstances and taken in conscious disregard to his or her health.[26] Thomas does not allege that the prison medical officials who denied her treatment did so because of a difference of opinion with outside doctors who recommended treatment. She alleges that she was denied treatment because of the NDOC's Hep-C policy, not because a prison physician determined that was a medically acceptable option. These allegations are sufficient to state a

---

[23] *See Starr*, 652 F.3d at 1208 (discussing the liability standards applied to suits against supervisors in their individual capacities); *Comm. House, Inc.*, 623 F.3d at 965.

[24] ECF No. 52 at 5–6.

[25] *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

[26] *See Toguchi v. Chung*, 291 F.3d 1051, 1058 (9th Cir. 2004).

claim.[27]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the defendants' motion to dismiss **[ECF No. 52] is DENIED without prejudice** to the filing of a motion to dismiss this official-capacity claim within 20 days.

DATED: February 7, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[27] *See Colwell*, 763 F.3d 1060, 1070 (9th Cir. 2014) ("A reasonable jury could find that NDOC officials denied treatment because Colwell's medical need conflicted with a prison policy, not because non-treatment was a medically acceptable option.").